UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JONTAE KEEL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV423-059 |
| | ) | CR420-124-4 |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jontae Keel pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, 50 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. *See* doc. 1009 at 1 (Judgment).[1] He was sentenced to 151 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not file a direct appeal. *See generally* docket; *see also* doc. 1246 at 2. He now moves to vacate the judgment pursuant to 28 U.S.C. § 2255. *See* doc. 1246. Preliminary review, pursuant to Rule 4 of

---

[1] The Court cites to the criminal docket in CR420-124-4 unless otherwise noted.

the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**.  Doc. 1246.

Keel asserts four grounds for relief.  *See* doc. 1246 at 14-26.  First, he argues that the federal prohibition on possession and distribution of marijuana violates the Constitution's Privileges and Immunities Clauses, where several states permit its sale.  *See id.* at 14-17.  He argues that the alleged constitutional infirmity deprived this Court of "jurisdiction," rendering the judgment against him "void."  *Id.* at 16-17.  Second, he argues that the Court misapplied the United States Sentencing Guidelines' definition of "controlled substances offense."  *Id.* at 17-20.  Third, he argues that facts were relied upon to enhance his sentence that were never admitted or proved, contrary to the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See id.* at 21-23.  Fourth, and finally, he argues that his sentence was improperly enhanced by prior convictions that no longer qualify as "controlled substance offenses."  *Id.* at 23-26.

At least three of the four asserted grounds are procedurally defaulted.  A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*,

456 U.S. 152, 166 (1982).  Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).  "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055.  In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  A procedural default may be overcome if the movant can "show cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations omitted).  The movant bears the burden of proof, including showing cause and prejudice to excuse a procedural default.[2] *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

---

[2] A movant's procedural default may also be excused if he can show "a miscarriage of justice or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).  "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show

Because Keel did not file a direct appeal, Grounds Two, Three, and

Four are procedurally defaulted. *See, e.g., Denson v. United States*, 2023

WL 2746037, at *5 (S.D. Ga. Mar. 31, 2023), *adopted* 2023 WL 3182963

(S.D. Ga. May 1, 2023) (§ 2255 movant "did not file an appeal, and

therefore procedurally defaulted all [asserted] grounds."). He has either

stricken through or responded "N/A" to all of the form motion's questions

concerning assertion of the grounds on direct appeal or explanation for

failure to do so. *See* doc. 1246 at 4-9. The complete lack of any

explanation is clearly insufficient to bear Keel's burden to show cause

and prejudice to excuse his procedural default.

"It is true that a movant on collateral review can avoid the

procedural default bar altogether if the alleged error is jurisdictional."

*Williams v. United States*, 2022 WL 1214141, at *3 (11th Cir. Apr. 25,

2022) (citing *United States v. Bane,* 948 F.3d 1290, 1294 (11th Cir. 2020)).

Keel does, in a wholly conclusory fashion, contend that all of his grounds

---

that he is actually innocent either of the crime of conviction or, in the capital
sentencing context, of the sentence itself." *Id.* (citing *Dretke v. Haley*, 541 U.S. 386,
388 (2004)). However, even if the actual innocence exception could apply to Keel's
claims, he does not assert that he is actually innocent. In fact, his Motion expressly
concedes that he "agreed that he is guilty of the offense of 21 U.S.C. § 846 and the
facts which satisfy each [of] the offense's requirements." Doc. 1246 at 21 (citing his
plea agreement).

implicate the Court's "lack of jurisdiction." *See* doc. 1246 at 4-8. To the extent that those grounds contend that the Court misapplied the United States Sentencing Guidelines, that characterization is incorrect. *See, e.g., Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, . . . absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal[,]" and collecting cases). Despite Keel's characterization, therefore, Grounds Two and Four are not jurisdictional. The Eleventh Circuit has explicitly recognized that an *Apprendi* error is not jurisdictional. *See McCoy v. United States*, 266 F.3d 1245, 1254 (11th Cir. 2001) ("[W]e conclude that a claim of *Apprendi* error is not jurisdictional."). Ground Three, therefore, is also not jurisdictional. Keel's conclusory characterization of Grounds Two through Four as "jurisdictional," therefore, provides no basis to excuse his failure to raise those issues on direct appeal. Those grounds should all be dismissed as procedurally defaulted.

Keel's argument in Ground One that the federal statute prohibiting conspiracy to possess marijuana with intent to distribute is unconstitutional does raise a facially jurisdictional challenge. *See, e.g., Fireman v. United States*, 20 F. Supp. 2d 229, 231 (D. Mass. 1998) (§ 2255 movant's "claim that the statute under which he was charged is unconstitutional raises a jurisdictional question."). "If the statute [under which a movant was charged and convicted] is unconstitutional, then the [indictment] on its face failed to state a federal offense and [the c]ourt had no original subject matter jurisdiction." *Id.* (citations omitted). Although Keel's presentation of Ground One is not entirely clear, he states: "the 17 [s]tates now able to distribute marijuana as well as possess marijuana bind the United States from brining suit against citizens of all States under Constitutional Law which binds felony marijuana charges that no longer rest on authority conferred by Constitution." Doc. 1246 at 15. Given that some states permit possession and distribution of marijuana, he contends that Article IV or the Fourteenth Amendment's Privileges and Immunities Clause guarantees his right to possess and distribute marijuana in Georgia and under federal law. *Id.* at 14, 16.

6

Construing Keel's argument as asserting that the statute under which he was convicted violates one or both of the Privileges and Immunities Clauses, it does not appear that it is procedurally defaulted. However, procedurally defaulted or not, it is meritless. Keel's argument, rendered to its essence, is that once a state permits an activity, Congress, and every other state, lose the power to prohibit it. *See* doc. 1246 at 16 ("Thus the United States and Court lacks jurisdiction to charge Keel of a crime which is made legal in another state . . . ."). That contention is, to put it charitably, fantastical.

The Supreme Court has recognized Congress' "power to prohibit . . . cultivation and use of marijuana," even where those activities are permitted by state law. *Gonzalez v. Raich*, 545 U.S. 1, 5, 9 (2005). Even as some states have grown more permissive in their treatment of marijuana, Congress' power to prohibit it remains undisturbed. *See, e.g., United States v. Francis*, 77 F.4th 66, 73 (2d Cir. 2023) ("To be sure, . . . public attitudes towards marijuana prosecutions are changing in a very substantial way, and government reactions to them as well. [Cit.] Yet, although New York and many other states have legalized adult use of marijuana, possession of the drug continues to be a federal crime."

7

(internal citations, quotations, and alterations omitted)).  *But see, e.g.,*

*Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236 (2021) (Thomas,

J. dissenting) (questioning the continuing validity of *Gonzalez*).  Despite

the recognition of shifting state treatment of marijuana, Congress' power

to regulate marijuana, as recognized in *Gonzalez*, is well-established.

Moreover, neither the Fourteenth Amendment nor Article IV's Privileges

and Immunities Clause impose any limitation on that authority.

The Fourteenth Amendment states, in relevant part, that "[*n*]*o*

*State* shall make or enforce any law which shall abridge the privileges

and immunities of citizens of the United States . . . ."  U.S. Const. amend

XIV, § 1 (emphasis added).  Moreover, the Fourteenth Amendment's

Privileges and Immunities Clause protects only rights possessed in virtue

of federal, not state, citizenship.  *See, e.g., Slaughter-House Cases*, 83 U.S.

36, 74 (1872) ("Of the privileges and immunities of the citizen of the

United States, and of the privileges and immunities of the citizen of the

State, and what they respectively are, we will presently consider; but we

wish to state here that it is only the former which are placed by this

clause under the protection of the Federal Constitution, and that the

latter, whatever they may be, are not intended to have any additional

protection by this paragraph of the amendment."). Since the federal statute at issue was not made or enforced by any State and Keel does not even suggest that the right to possess or distribute marijuana has any federal basis, the Fourteenth Amendment's Privileges and Immunities Clause is simply irrelevant.

To the extent that Keel asserts that Article IV's Privileges and Immunities clause invalidates federal prohibitions on possession and distribution of marijuana, he is equally mistaken. In *United States v. Yates*, the Fourth Circuit considered the argument that "because multiple states have legalized marijuana use, . . . marijuana convictions violate . . . Article IV's Privileges and Immunities Clause." 746 F. App'x 162, 164 (4th Cir. 2018). The court rejected that argument because Article IV's Privileges and Immunities Clause does not apply to federal statutes. *Id.* (citing *Cramer v. Skinner*, 931 F.2d 1020, 1029 n. 7 (5th Cir. 1991)). Keel's invocation of Article IV's Privileges and Immunities Clause is, therefore, no more availing than his invocation of the Fourteenth Amendment.

Since the Supreme Court has recognized Congress' authority to regulate marijuana, notwithstanding more permissive treatment by

some states, and neither of the Privileges and Immunities Clauses has any plausible application to invalidate the statute under which Keel was convicted, his argument that the Court lacked jurisdiction is meritless. It should, therefore, be dismissed. *See, e.g., United States v. Bakre*, 2023 WL 2612636, at \*1 (W.D. Pa. Mar. 23, 2023) ("A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted," and collecting cases); *see also Catoggio v. United States*, 2023 WL 4156692, at \*5 (S.D. Fla. June 23, 2023) ("Because [movant's] § 2255 claims fail as a matter of law, we see no need to hold an evidentiary hearing in this case.") (citation omitted).

All of the grounds asserted in Keel's § 2255 Motion fail; Ground One is meritless and Grounds Two through Four are procedurally defaulted. Accordingly, it should be **DENIED**, doc. 1246, and civil action CV423-059 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at \* 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO  REPORTED  AND  RECOMMENDED**, this  11th  day  of

September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA